UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 06-cr-50009 |
| VERSUS | JUDGE STAGG |
| STEVEN G. THOMPSON | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Steven G. Thompson pleaded guilty to federal felonies and was sentenced. No direct appeal was filed. Thompson later filed a motion for relief under 28 U.S.C. § 2255. Most of his claims are for ineffective assistance of counsel, and one of them asserts that counsel did not file a notice of appeal. The Government's memorandum in opposition was accompanied by a copy of a letter from defense counsel that advised Thompson that there were no grounds to appeal given Thompson's guilty plea and his receipt of the "absolute minimum sentence allowed by law." Thompson responded with a copy of a letter that he allegedly sent counsel. The letter states, in pertinent part:

> What's the matter with you people? I said after court that I wanted to appeal.
> ... You know I wanted to appeal. File my appeal.

The court appointed attorney M. Allyn Stroud to represent Thompson, and an evidentiary hearing was set to explore the factual disputes surrounding the appeal issue. After a conference in chambers to discuss the hearing and related issues, the Government advised that it does not oppose the court resolving this issue by granting Thompson an

out-of-time appeal, and the undersigned agrees that affording such relief is a sound and efficient way to resolve the claim.

Thompson has raised other claims in his Section 2255 motion beyond the appeal issue. When a Section 2255 motion joins a claim for an out-of-time appeal with other claims, the district court may permit the appeal to proceed and dismiss without prejudice the other claims, pending the outcome of the appeal. U. S. v. West, 240 F.3d 456, 460 (5th Cir. 2001); U. S. v. Orozco-Ramirez, 211 F.3d 862, 871 n. 15 (5th Cir. 2000). It is appropriate in this case for the court to dismiss without prejudice the other claims and take such actions as required to permit an appeal to go forward. The other issues may be mooted or otherwise affected by the proceedings on appeal.

In West, the Fifth Circuit described the remedy of permitting an out-of-time appeal and the procedural steps that must be taken to permit appellate jurisdiction over the appeal. The Court instructed the district judge to reinstate the underlying criminal judgment on the criminal docket. Thereafter, the time for appeal is the 10 days permitted by F.R.A.P. 4(b)(1)(A). See also U.S. v. Martin, 2007 WL 956930 (E.D. La. 2007) (employing the procedure).

Accordingly;

**IT IS RECOMMENDED** that Thompson's Motion to Vacate (Doc. 27) be denied without prejudice and the court take the steps necessary to permit Thompson the remedy of an out-of-time direct appeal. To permit the appeal to proceed, the court should reinstate on

the criminal docket Thompson's underlying criminal judgment that is found at Doc. 25, originally entered on July 20, 2006.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of May, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE