U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT
NOV 05 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus

STEVEN G. THOMPSON

CRIMINAL NO. 06-50009-01
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court is Steven Thompson's ("Thompson") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 47. Based on the following, Thompson's motion is **DENIED**.

### I. BACKGROUND

**A. Factual Background.**

The factual basis presented during the guilty plea hearing and the presentence report indicate that on January 19, 2006, after his arrest for attempting to sell methamphetamine, Tommy Collinsworth ("Collinsworth") informed law enforcement that he had been a methamphetamine distributor for Thompson for three to four months. Collinsworth described instances on January 17 and 18, 2006, when he had sold methamphetamine for Thompson.

On January 19, 2006, Collinsworth made a recorded telephone call to Thompson. They discussed the money Collinsworth owed Thompson for the

transactions. Collinsworth told Thompson that he had someone who wanted to purchase one ounce of methamphetamine "ice"[1] and they agreed on a price of $1,500.00. On that same day, Collinsworth met Thompson at a car wash and gave him $625.00 for a previous drug transaction. Thompson agreed to supply Collinsworth with one and one-half ounces of "ice" and stated that he had sold at least seven ounces of "ice" in the past several days.

On January 20, 2006, Collinsworth made a recorded call to Thompson and inquired about the one and one-half ounces of "ice" discussed the previous day. Thompson agreed to meet at Collinsworth's house. Law enforcement officers arrested Thompson in a truck parked in the driveway of Collinsworth's residence. In the truck, in a small green bag, the officers found approximately 88.6 gross grams of methamphetamine, a needle and a scale. A loaded handgun was found inside the passenger compartment of the vehicle. Some of the money found in Thompson's wallet was part of the $625 that Collinsworth had given Thompson the day before. On that same day, officers executed a search warrant at Thompson's residence, where they found mostly drug paraphernalia and some marijuana.

---

[1] United States Sentencing Guideline section 2D1.1 defines "ice" as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity."

## B. Procedural History.

Thompson was charged in a three count indictment with possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count three was a forfeiture count. See Record Document 7. Thompson entered into a plea agreement with the government, and pursuant to that agreement, pled guilty to counts one and two on March 21, 2006. See Record Documents 20-21.

On July 13, 2006, Thompson was sentenced to a term of sixty months of imprisonment as to count one and sixty months of imprisonment as to count two, to run consecutively.[2] See Record Document 25. Thompson did not appeal his conviction or sentence. On July 16, 2007, Thompson filed a section 2255 motion. See Record Document 27. This court found that Thompson was entitled to pursue an out-of-time appeal and denied the remainder of his section 2255 motion without prejudice. See Record Document 38. Appellate counsel was appointed to pursue Thompson's appeal and a notice of appeal was filed. Thereafter, Thompson's appellate counsel filed a motion to dismiss the appeal, stating that Thompson had

---

[2]Both sentences were for the mandatory minimum terms.

"decided that it is in his best interest to forgo this appeal."³ Record Document 45. Thompson now files the instant section 2255 motion, which contains claims asserted in his previous motion and additional claims not previously asserted. See Record Document 47.⁴

## II. LAW AND ANALYSIS

A.  **Ineffective Assistance Of Counsel.**

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Thompson must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland analysis requires a showing by Thompson that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The Fifth Circuit has described this standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain

---

³Thompson asserts that his appellate counsel "determined and advised that Defendant has no 'non-frivolous' appeal issues, hence no opening brief was filed." Record Document 47 at 4.

⁴Thompson requests this court "incorporate by reference" his original memorandum in support of his first section 2255 motion. This request is **GRANTED**.

avenues will not prove fruitful." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quotations and citation omitted). In evaluating counsel's performance the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See id. at 689, 104 S. Ct. at 2065. Thompson may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Thompson must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudicial prong of the Strickland test, Thompson must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004).[5] If Thompson fails to establish either

---

[5]Previously, the prejudice test for ineffectiveness relating to the amount of a sentence in the Fifth Circuit was whether, but for counsel's actions, there was a reasonable probability that defendant would have received a "significantly less harsh" sentence. The Supreme Court later determined in Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696 (2001), that "any amount of actual jail time has Sixth Amendment significance." Thus, the Fifth Circuit now holds that "Glover abrogates the significantly less harsh test, and that any additional time in prison has constitutional significance." Grammas, 376 F.3d at 438.

prong of the Strickland test, then his claims of ineffective assistance of counsel must fail.

**B.     Ineffective Assistance Of Counsel In The Pretrial Process.**

**1.     Motion To Suppress.**

Thompson alleges that his trial counsel, Federal Public Defender Betty Marak ("Marak"), was ineffective during the pretrial process. He complains that she failed to file a motion to suppress. However, this argument fails under the first prong of Strickland because Thompson has not set forth any evidence to show that Marak's failure to file a motion to suppress was unreasonable. Thompson has not alleged any factual basis for a motion to suppress, other than his allegation that the affidavit used to obtain the search warrant was based on lies. Notably, however, the search warrant only led to the discovery of marijuana and drug paraphernalia. Thompson was charged with possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime--entirely separate offenses. Thompson has not alleged any factual basis for a motion to suppress the evidence that formed the basis of the offenses with which he was actually charged. Thus, a motion to suppress the evidence that was obtained as a result of the search warrant would not have had any effect on his proceedings, even had such a motion been filed and granted. Therefore, a motion to suppress was not warranted. Defense counsel cannot be faulted for failing

6

to raise a baseless objection. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that an attorney cannot be judged deficient for his failure to raise a "frivolous" issue); Murray, 736 F.2d at 283 ("Counsel is not required to engage in the filing of futile motions"). Thompson's argument also fails to meet the requirements of the second prong of Strickland because he has failed to prove prejudice by demonstrating a reasonable probability that but for his attorney's failure to file a motion to suppress, the result would have been different. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

2.  **Failure To Investigate.**

Thompson also alleges that Marak was ineffective in that she failed to adequately investigate exculpatory evidence and testimony. He specifically complains that she failed to interview Collinsworth and the agents involved in the case, asserting that "Collinsworth lied and the Agents furthered the lies." Record Document 47 at 3. However, at no time did Thompson give any indication of what the actual subject matter of the potential testimony or what defense it might tend to establish. Instead Thompson makes only brief and conclusory allegations that his counsel's representation was deficient because of her failure to investigate and develop useful evidence. He does not specify what this investigation would have divulged or why it would have been likely to make a difference in his decision to plead guilty. This places Thompson's

claims at an immediate disadvantage. The Fifth Circuit has noted that "without a specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply Strickland's standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'" Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (citing United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991)).

In order to succeed on these claims regarding deficient investigations, Thompson must meet both prongs of the Strickland test, something on this record he cannot do. Thompson cannot demonstrate that the failure to conduct any of the above investigations falls outside an objective standard of reasonableness, nor can he demonstrate that this alleged ineffective assistance prejudiced him. The Fifth Circuit has held that the first prong of Strickland does not require the "interview of every claimed eyewitness, alibi witness, and/or assertedly exculpating criminal co-participant." Bryant v. Scott, 28 F.3d 1411, 1419 n.13 (5th Cir. 1994). In addition, Thompson has put forth nothing to show what this investigation would have produced or whether it would have even been beneficial; he has shown no prejudice. See Anderson, 18 F.3d at 1221. Thompson was arrested in a vehicle with over eighty grams of methamphetamine and a loaded handgun. The calls between Collinsworth

8

and Thompson were recorded. In light of these facts, counsel's failure to interview Collinsworth or the agents was clearly not unreasonable and did not prejudice Thompson. Accordingly, his claim must fail.

### 3. Failure To Analyze Drugs.

Thompson also asserts that his counsel was ineffective because she failed to have an expert examine and analyze the drugs. On this point, too, Thompson fails to satisfy the requirements of <u>Strickland</u>. He asserts that an analysis would have revealed that the drugs were not "ice." However, as the government accurately counters, Thompson was not sentenced on the basis of "ice" but rather on the basis of methamphetamine, as stated in the presentence report. Therefore, an independent analysis of the drugs was not unreasonable and did not prejudice Thompson. <u>See</u> <u>United States v. Samuels</u>, 59 F.3d 526, 529 (5th Cir. 1995) (finding that attorney acted reasonably in deferring to Drug Enforcement Administration report that substance was crack rather than powder cocaine).

Assuming, <u>arguendo</u>, that counsel's performance was deficient, Thompson has failed to show that he suffered prejudice. He has presented no evidence that the government reports were incorrect or that his guilty plea or sentence were in any way affected, as his guilty plea and sentence were entered and imposed on the basis of methamphetamine and not "ice." Thus, Thompson has not carried his burden of

proving that failure to procure expert testimony likely affected his decision to plead guilty. See Belyeu v. Scott, 67 F.3d 535, 540 (5th Cir.1995).

C.  **Ineffective Assistance Of Counsel In The Plea Process.**

Thompson claims that his counsel was ineffective in that she failed to inform him of all of the facts and law relevant to his decision to plead guilty. However, Thompson is unable to satisfy either prong of the Strickland analysis on this issue as well. He has put forth no evidence to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. 687, 104 S. Ct. at 2065. Thompson complains that Marak did not inform him that he had a defense to the gun charge in count two. However, this allegation is contrary to his statement made at the time of his guilty plea, wherein he was asked, "You are pleading guilty Mr. Thompson, because you are in fact guilty?" Thompson responded in the affirmative. See Transcript of Guilty Plea at 8. While discussing the gun charge, the court further inquired of Thompson if the government could prove that the "pistol was in your car at the time there was a drug transaction between you and the cooperating individual." Id. at 17. Thompson again responded in the affirmative. See id.

Despite his contentions, there is significant evidence to indicate that Thompson was fully informed at the time of his plea. The plea agreement, signed by both Thompson and his counsel, provided:

> This is the entire plea agreement between the United States Attorney's Office and the Defendant and is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with counsel.

Record Document 21 at 5. The form entitled "Understanding Of Maximum Penalty And Constitutional Rights" signed by Thompson at the time of the guilty plea provided:

> I, the above named defendant, having been furnished a copy of the charge and having discussed same with my attorney, state that, I understand the nature of the charge against me and the maximum possible penalty that may be imposed against me as set forth in the plea agreement.
>
> . . .
>
> Aside from the language in the plea agreement, I further declare that my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Id., Affidavit of Understanding at 1-2.

In addition, before accepting Thompson's plea, the court examined Thompson as to the voluntariness of the plea. The court asked Thompson whether he was "pleading guilty . . . because [he] was in fact guilty as charged" and Thompson answered, "Yes, sir." Transcript of Guilty Plea at 8. When asked whether he was "satisfied with the legal services being performed" on his behalf by Marak, Thompson replied, "Yes, Your Honor." Id. at 5. Thompson averred that no one had "lean[ed] on" him or used "undue persuasion" to convince him to plead guilty. Id. at 8-9.

Thompson's allegation that counsel advised entering a plea of guilty to count two without explaining that he had a disputable factual defense is simply belied by statements he made in open court while under oath. He does not allege any other specific facts that he did not receive from counsel. Such conclusory allegations are not sufficient to support a finding of ineffective assistance. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

Thompson is equally unable to demonstrate prejudice on this issue. Because this claim of ineffective assistance of counsel is in the context of a guilty plea, Thompson must comply with Hill v. Lockhart's amendment to the Strickland criteria and prove prejudice by demonstrating that there is a "reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have

12

insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). However, Thompson has failed to meet this standard. While he does state that had he been fully advised "there is a reasonable probability that he would have pleaded not guilty and proceeded to trial . . .", Thompson does not mention any specific information to which he believes he was entitled, or any other evidence to support this contention. Record Document 39 at 4. There is, however, significant evidence to indicate that Thompson, despite his contentions, was fully informed at the time of his plea. Thompson signed the plea agreement which stated, in pertinent part, that it was "entered into freely, **knowingly**, and voluntarily with no threats or coercion, **after due consultation with counsel**." Record Document 21 at 5 (emphasis added).

The court acknowledges that an attorney who, in the course of advising her client on an outstanding plea offer, fails to advise that client of the available options and possible consequences will likely be considered ineffective. See Beckham v. Wainwright, 639 F.2d 262, 266 (5th Cir. 1981). However, there is no evidence that such circumstances existed in this case. Thompson cannot show prejudice in light of his affirmative statements in court and the court's specific admonitions to him. At no point did Thompson refuse to plead guilty or express any objection when faced with this information. Sworn statements in open court at guilty plea hearings "carry

13

a strong presumption of verity." United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006) (citations and quotations omitted); see also United States v. Adam, 296 F.3d 327, 333 (5th Cir. 2002); United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). Thompson's arguments in his motion are belied by the written documents before the court, signed by both Thompson and his counsel, and by statements made during the guilty plea and sentencing. More importantly, the court again notes that Thompson was arrested in a vehicle with over eighty grams of methamphetamine and a loaded handgun.

Thompson has failed to overcome the presumption that his attorney's actions "are encompassed within the wide range of reasonable competence." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. He has failed to set forth any *evidence* to show that his attorney's performance was "outside the wide range of professionally competent assistance" or resulted in any prejudice to him. Id. at 690, 104 S. Ct. at 2066. Because Thompson has failed to meet his burden of proof, his claim of ineffective assistance of counsel during the plea process must fail.

D.  **Successive Claims.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a prisoner may file a second or successive petition for relief in federal court. As amended by the AEDPA, section 2255 provides, in relevant part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ." 28 U.S.C. § 2255(h). The AEDPA does not define what constitutes a "second or successive" petition. However, a habeas corpus petition is not second or successive simply because it follows an earlier federal petition. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).[6] A petition is successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (citing Cain, 137 F.3d at 235).

In the instant case, Thompson attempts to assert new claims in his current section 2255 motion relating to his counsel's performance *prior to* his guilty plea and sentencing. In his current section 2255 motion, Thompson alleges, for the first time, that: (1) he was told by an attorney with the Federal Public Defender's Office that he

---

[6]Although the cited case was before the court in the context of a motion filed pursuant to 28 U.S.C. § 2254, courts have looked to cases under each provision for guidance. See United States v. Flores, 135 F.3d 1000, 1002 n. 7 (5th Cir. 1998).

15

would receive a sentence of forty years if he did not sign the plea agreement; (2) his attorney advised him that his firearm sentence would run concurrently with his drug sentence; and (3) his attorney failed to object to the presentence report and failed to review the presentence report with him. He could have alleged all of these claims in his previous section 2255 motion, but failed to do so. Therefore, based on <u>Orozco-Ramirez</u>, Thompson's claims of ineffective assistance of counsel that were available to him and could have been asserted in his initial habeas motion are "second or successive" and must be dismissed.[7]

### III. CONCLUSION

Thompson's claims of ineffective assistance of counsel are without merit or cannot be considered because they are successive. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 47) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of November, 2009.



JUDGE TOM STAGG

---

[7] Even had the court been required to reach the merits of Thompson's claims, each would have nevertheless been dismissed, as none of the allegations would have met the requirements of <u>Strickland</u>.